# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **ETHEL LORRAINE COTTON,** | ) | **CASE NO. 1:25 CV 376** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OF** |
| **THOMAS BURRELL, et al.,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendants.** | ) | |

*Pro se* Plaintiff Ethel Lorraine Cotton filed this tort action against Thomas Burrell and Franworks Group of Companies. In the Complaint (Doc. # 1), Plaintiff indicates she purchased two caesar salads and two fish and chip dinners from an Elephant and Castle restaurant in Washington D.C.. The Elephant and Castle restaurant chain is owned by the Franworks Group of Companies. Plaintiff brought the food back to her Washington D.C. hotel. She claims after she placed a fork full of salad into her mouth, she saw a live cockroach in the salad remaining in the container. She immediately took a video of the insect and sent the video to the restaurant manager, Burrell, He refunded her the purchase price of the food. Plaintiff claims she is suffering from severe emotional distress as a result of seeing the insect. She seeks $375,000.00 in damages.

The Court is required to construe Plaintiff's *pro se* Complaint liberally and to hold it to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652

(1972)). Pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999) (per curiam), district courts are permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid Complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Dismissal on a *sua sponte* basis is also authorized where the asserted claims lack an arguable basis in law, or if the district court lacks subject matter jurisdiction over the matter. *Id*. at 480; *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir.1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir.1990).

As an initial matter, the Northern District of Ohio is not the proper venue for this case. A civil action may be brought only in: (1) a judicial district where any Defendant resides, if all Defendants reside in the state in which the Court is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) if there is no district in which an action may otherwise be brought as provided by this section, any judicial district in which any Defendant is subject to the Court's personal jurisdiction with respect to the action brought. 28 U.S.C. § 1391(b). There is no suggestion in the pleading that either of the Defendants resides in Ohio, and the events described in the Complaint took place entirely in Washington D.C. The only proper venue for this case is the District of Columbia.

An improperly venued action must be dismissed unless it is "in the interest of justice" that it be transferred to a district or division in which it could have been brought. 28 U.S.C. §1406(a). For the reasons stated below, the Court finds that Plaintiff has not established federal

court subject matter jurisdiction and it would not be in the interest of justice to transfer this matter to another federal court.

Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994) (internal citation omitted).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the Plaintiff must establish that she is a citizen of one state and all of the Defendants are citizens of other states. The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

Plaintiff asserts only state law claims and relies solely on diversity of citizenship as the basis for federal court jurisdiction. The burden of establishing federal jurisdiction rests on the

party seeking the federal forum. *Kokkonen*, 511 U.S. at 377. For diversity jurisdiction, the party asserting federal jurisdiction must distinctly and affirmatively allege the citizenship of the parties. Failure adequately to allege the basis for diversity jurisdiction mandates dismissal.

Plaintiff has not alleged facts to establish diversity of citizenship. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990). For Thomas Burrell, Plaintiff lists only the address of the restaurant where he works. His place of employment is not relevant to establishing diversity of citizenship. The citizenship of a business entity like Franworks depends on how it is organized. Corporations are citizens of the principal place of business and all states in which they are incorporated. 28 U.S.C. §1332(c)(1). Limited liability companies and partnerships have the citizenship of each partner or member. *Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir.2009). Because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each sub-member as well. *Id*. Franworks Group of Companies owns and operates numerous restaurants in the United States and Canada, and is a subsidiary of Recipe Unlimited, which is a corporation; however, the corporate structure of Franworks itself is unclear. Plaintiff provides only its principal place of business, which is only a portion of the information needed to establish all of the states of citizenship of this Defendant. When a litigant cannot establish the diversity of the parties, the Court is not permitted to "presume the existence of federal jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

Furthermore, it is not clear that Plaintiff can meet the amount in controversy requirement. Federal district courts have original jurisdiction over civil actions between citizens

of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Generally, the sum claimed by the Plaintiff controls if the claim is apparently made in good faith, unless it appears "to a legal certainty that the claim is really for less than the jurisdictional amount." *Rosen v. Chrysler Corp.*, 205 F.3d 918, 921 (6th Cir. 2000). Plaintiff seeks $ 300,000.00 in compensatory damages and $ 75,000.00 in punitive damages; however, she has not provided this Court with any starting point for estimating damages. All we know is that she saw a live cockroach in her salad container. She consumed only one fork full of food before spotting it and there is no indication that she consumed an insect. She contacted the restaurant and received a full refund for the cost of the meals. She found the incident upsetting, but did not suffer any physical harm. She states that she remains under serious emotional distress and is unable to eat caesar salad which she claims is her favorite food and is being counseled for her distress. She does not elaborate on that statement. There is nothing in the Complaint that suggests that this case can in good faith approach compensatory damages of $ 300,000.00 or justify punitive damages in the amount of $75,000.00.

Accordingly, this action is **DISMISSED**. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

_____ 3/19/2025
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.